REUBEN C. BENTON *v.* WALTER G. McFARLAND.

### *Ejectment.*

In an action of ejectment brought by the plaintiff, to recover, as tenant in common, an undivided part of the premises, on the ground of the defendant's refusal to recognize his rights as co-tenant, it appeared that both plaintiff and defendant claimed under one D., who first mortgaged the premises, in May 1846, to secure the mortgagees, for entering into a recognizance in the sum of $250, for D's. appearance, at the county court, in a criminal case; the recognizance became forfeit in May, 1846, and at that Term of court was chancered to $100, and costs $14.   In February, 1847, one A. levied upon the whole of D's. equity of redemption, treating the mortgage as an incumbrance to the full amount of the recognizance of $250; said A. in March, 1847, conveyed his interest to the defendant's grantor, who in May, 1847, conveyed by deed of warranty to the defendant.   In December, 1847, the defendant's grantor paid $114, the amount recovered on the said recognizance, and in November, 1849, the plaintiff levied upon an undivided portion of the premises; the same which the whole amount of the execution bore to the value of the premises.   Under these facts, *it was held,* that the mortgage title must surmount, and override, any title which plaintiff could possibly obtain of D. of a date posterior to the title of the mortgage, which is now vested in defendant, and which will effectually prevent the plaintiff from recovering in ejectment, against the defendant.

.EJECTMENT for lot No. 48, in the Fifth Division, in the town of Lunenburgh.

Plea, the general issue, and trial by the court.

On the trial, the plaintiff read in evidence, a copy of a deed from Erastus Olcott to Benjamin Dow, dated February 5, 1839, of the west half of said lot No 48. Also a copy of a deed from Randall L. Olcott to Benjamin Dow, of the same date of the east half of said lot No. 48. The plaintiff also offered in evidence, the copy of a record of a judgment recovered, in his favor against the said Benjamin Dow, before Josiah Brooks, Jr. Esq., a justice of the peace, on the 26th day of June, 1849, for $43,21, damages, and $1,91, costs of suit. Also a copy of the record of an execution on said judgment, and levy of the same upon an undivided portion of said lot No. 48. Also a copy of the record of an execution in favor of Alden Dow against said Benjamin Dow, and a levy of the same upon Benjamin Dow's equity of redemption in said lot No. 48. Also, a copy of a mortgage deed from said Benjamin Dow to Stephen Howe, James Morse, Jr. and John W. Putnam, dated May 23, 1846, of said lot No. 48, conditioned to secure and indemnify the said mortgagees, for being recognized in the sum of $250, for the said Benjamin Dow's appearance at the Term of Essex county court. Also, the record of the recognizance mentioned in the condition of said mortgage deed; and also the docket of Essex county court of May Term, 1846, from which it appeared, that at said Term said recognizance became forfeited. And also the docket of said court for May Term, 1847, of a suit on said recognizance against said Howe, Morse, and Putnam, showing that said recognizance was by the said court chancered to the sum of one hundred dollars, and that the costs of suit on said recognizance were $14,07 ; and that execution issued therefor September 7, 1847.

The defendant, then offered in evidence, a certified copy of the record of a judgment recovered by Alden Dow against Benjamin Dow, at the December Term, 1846, of the Essex county court, for the sum of $327,54, damages, and $10,62, costs ; and also the record of an execution on said judgment, and levy thereof upon Benjamin Dow's equity of redemption in said lot No. 48. The defendant also read in evidence, a quit-claim deed from Alden Dow to Jonathan D. Stoddard, dated March 29, 1847, of said lot No. 48. Also a deed from O. Dow, as agent of Benjamin Dow to Lyman Hibbard, dated April 19, 1847, of said lot. Also a warranty deed

from said Stoddard and Hibbard to himself, dated May 1, 1847, of said lot No. 48.

The defendant, also, offered in evidence, the dockets of Essex county court for May Term, 1846, showing an appearance, in the case of *State* v. *Benjamin Dow*, for the defendant by Mr. Cooper, and also of December Term, 1846, and May Term, 1847, showing an appearance by Mr. Stoddard, for defendants, in the case of *State Treasurer* v. *Benjamin Dow and others.*

The defendant admitted, that Benjamin Dow went into possession of said lot No. 48, under his deeds, and occupied it until after he was bound up, as before stated, when he left the state. The defendant further admitted, that at the commencement of plaintiff's suit and before, he was in the possession of the whole of lot No. 48, claiming the whole ; that plaintiff demanded the possession of the portion set off on his execution as aforesaid, but that he refused to surrender the same. The plaintiff admitted, that the execution in favor of the *State Treasurer* v. *Dow, Howe & others*, as before stated, was paid and satisfied, together with proper costs of collection, by Mr. Stoddard.

The County Court, May Term, 1852,—Poland, J., presiding,—upon this evidence, rendered judgment for the plaintiff, to recover the possession of so much of lot No. 48, as was set off on his execution against Benjamin Dow, as aforesaid.

Exceptions by defendant.

*J. D. Stoddard* for defendant.

1. We contend, that Benjamin Dow, at the time of the plaintiff's attachment, had no interest in the lot subject to the levy.

The fee and right of possession had passed to the mortagees, by a forfeiture of the recognizance. *Pierce* v. *Brown*, 24 Vt. 165. *Paine* v. *Webster*, 1 Vt. 101. The right of Alden Dow, by his levy, and those claiming under him had absolutely vested by the lapse of time and thereby Benjamin Dow's interest was wholly extinguished. Comp. Stat. Chap. 45 § 20, 26, 28.

Chancering the recognizance was an exercise of judicial discretion, in favor of the sureties only, (Comp. Stat. Chap. 28 § 71,) and had no tendency whatever, as we can perceive to remove and lessen the interest of the mortgagees.

It is a principle well sustained by authority, that the mortgagor,

after condition broken cannot regain his estate, but by a reconveyance, judgment at law, or a decree in equity. *Perkins* v. *Potts*, 4 Mass. 125. *Perry* v. *Prentiss*, 1 Mass 63. *Darling* v. *Chapman et al.*, 14 Mass. 101.

We are to note, the conditions of the mortgage are obligations of indemnity ; these are forfeited.

The plaintiff's levy states the lot to be worth four hundred and fifty dollars, and the existing incumbrances by the mortgage and a previous levy to be three hundred and fifty dollars. How was the precise amount of these incumbrances determined? Could the appraisers anticipate the precise measure of a decree in equity, that should embrace money paid, witnesses fees, personal expenses and counsel fees? If they could not, the levy would be void for uncertainty.

*R. C. Benton* for plaintiff.

Insisted, that the defendant is but a tenant in common with the said Benjamin Dow, or with such as have legally acquired title to the premises from or under him. That the officer was therefore bound to levy upon an undivided portion of the whole of said lot, and of course to an undivided fractional portion of every part thereof, and also on such proportional part, as the amount of the execution and costs have to the value of the whole premises. *Galusha* v. *Sinclear*, 3 Vt. 394. *Smith* v. *Benson*, 9 Vt. 138. *Swift* v. *Deane et al.*, 11 Vt. 323. *Eastman* v. *Curtis*, 4 Vt. 616.

If the proceedings of the officer have been either irregular or informal, they are cured by lapse of time, and are conclusive. Rev. Stat. 244 § 46. *Swift* v. *Cobb*, 10 Vt. 282. *Bell* v. *Roberts*, 13 Vt. 582.

Under the circumstances, it is difficult to perceive what principle, at law or in equity, can be urged to justify the defendant's claim, here set up to the whole of lot No. 48.

What if Benjamin Dow's case had been continued from term to term, and until long after his right of redemption had expired in that part of his farm set off to Alden Dow? Would not his mortgage to said Howe and others, have remained good and valid? Most certainly it would. How then can the defendant claim to have acquired title to the whole lot at the expiration of said time of redemption? The appearance of said Dow, at any term of

court while the case was on the docket would have discharged his mortgage in effect if not in fact.   Has either Alden Dow or any person under him acquired title to the whole of lot No. 48, by virtue of his set off?   We think not, nor have they by any means even acquired title to Benjamin Dow's interest in said lot, which became incumbered and reverted to him by the act of court at the May Term, 1847.

It is by .virtue of this reversion of said Benjamin Dow's interest to himself, under said act of court, that we claim a right to acquire and hold 51-450ths or undivided parts of said lot No. 48.   By one levy upon said interest, we claim a right to be tenants in common with the defendant and others, of said lot No. 48, acknowledging ourselves with him and them subject to the operations of Benjamin Dow's mortgage to Stephen Howe and others.  .

The opinion of the court was delivered by

REDFIELD, Ch. J.   This is an·action of ejectment, wherein the plaintiff seeks to recover, as tenant in common with the defendant, *fifty-one* four hundred and fiftieths parts of certain premises, on the ground of the defendant's refusal to recognize his rights as co-tenant.

The parties both claim under Benjamin Dow, who first mortgaged the premises to Howe, Morse, and Putnam, to secure them for entering into a recognizance for his appearance at court, in a criminal case, which became forfeited May Term, 1846, the mortgage being dated May 23, 1846.   In February (3,) 1847, Alden Dow levied upon the whole of Benjamin Dow's equity of redemption, treating the mortgage, as an incumbrance, to the full amount of the recognizance $250, May Term, 1847, (and before the six months for the debtor to redeem the execution expires,) the recognizance is chancered to $100, and costs some $14; on the 22d of November; 1849, the plaintiff levies upon an undivided portion of the premises, the same, which the whole amount of the execution bore to the whole value of the premises.

March 29, 1847, Alden Dow conveyed his interest to J. D. Stoddard, and May 1, 1847, Stoddard conveyed to the defendant. I take no notice of O. Dow's deed, as agent of Benjamin Dow, as no power is shown, giving her authority to execute such deed. Mr. Stoddard paid the amount recovered on the recognizance,

December 27, 1847 ; but whether on his own behalf, having then acquired the title of Alden Dow, or on behalf of the mortgagees, does not appear. And it is not perhaps: important, as, if he paid it on his own behalf, he would still, in equity, be entitled to stand upon the mortgage, as a title, paramount to that of the mortgagor, or any one acquiring title, from or under him, subsequent to the execution of the mortgage. For so long as the mortgage title exists, to any amount, and it must exist till it is all paid, either by the mortgagor, or some one in his behalf, that title must be superior to any title derived from, or under the mortgagor, at a subsequent date.

The mortgage title then, to the amount of the $114, and interest, being still subsisting, either in the original mortgages, or in Stoddard, or his grantees, who have paid it off for their own protection, it must surmount, and override, any title which plaintiff could possibly obtain of Benjamin Dow, of a date posterior to the title by the mortgage, which is now vested in the defendant, and which will effectually preclude the plaintiff from recovering in ejectment, against the defendant.

What is the precise nature of the title acquired by the plaintiff, it is perhaps not needful to inquire. If his levy is correct and perhaps it is, he certainly has some rights, which will enable him to go into a court of equity, and obtain title to the premises ; either upon paying the mortgage, as tenant in common with the defendant, under Alden Dow's levy, or by paying both the mortgage and the execution and fees, to have the whole title in the premises quieted in him.

It is in vain to urge, that if a mortgage, under such circumstances, is paid off by the mortgagor, or defeated, in a judicial procedure, on the ground of illegality, or any other ground, this leaves the whole title, in the creditor, who has levied upon the equity of redemption, and that this title is perfect, both in law and equity. There can be no doubt the mortgagor, under such circumstances, has an equity, which he can successfully assert, in a court of equity. Whether he may claim strictly, at law, to stand as a tenant in common, with levying creditors, in the proportion, which the mortgage, at the time of the levy, bore to the amount of the execution, is perhaps questionable. That is certainly the simplest view of the case, and it brings the thing to the same result, as if the levy

had been made upon land unincumbered, except in one case the levy is in severalty, and in the other, in common.

But here the mortgage is not extinguished. For if paid by defendant, or his grantors, the law will not create a merger, contrary to their probable purchase in buying in, or advancing the amount of the mortgage, and the equity of the case, so that as the facts now stand, the plaintiff's title is clearly subordinate to that of the defendant, which must defeat his recovery at law.

Judgment reversed, and plaintiff became non-suit.